UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY BOWERS,
   Plaintiff,

No. 1:08-cv-469

-v-

HONORABLE PAUL L. MALONEY

DAVE BURNETT, ET AL.,
   Defendant.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Stacy Bowers ("Plaintiff"), a prisoner under the control of the Michigan Department of Correction ("MDOC"), initiated this lawsuit under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(a) and under 42 U.S.C. § 1983. The claims arise from the denial of Plaintiff's request for a strict vegetarian, or vegan, diet in order to conform to his religious beliefs. Defendant Billy Ray Thompson interviewed Plaintiff and recommended Plaintiff's request be denied. Defendant Dave Burnett then denied Plaintiff's request. Defendants filed a motion for summary judgment. (ECF No. 14.) Plaintiff responded. (ECF Nos. 23-25.) The magistrate judge issued a report recommending the motion be granted in part and denied in part and further recommending judgment be entered in favor of Defendants on all Plaintiff's claims. (ECF No. 28.) Plaintiff objected. (ECF No. 29.)

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

The R&R accurately summarizes the facts and correctly states and applies the relevant law. Both the conclusions in the R&R and Plaintiff's objections are identified below.

1. Exhaustion of Administrative Remedies.

The magistrate judge concludes Defendants are not entitled to summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. No party has objected to this conclusion. Accordingly, this portion of the R&R, pages 14-15, is ADOPTED as the opinion of the Court.

2. Mootness.

The magistrate judge concludes Plaintiff's claims for declaratory and injunctive relief are moot. The magistrate judge explains that Plaintiff's claims arise from events that occurred at the St. Louis Correctional Facility. Plaintiff has since been transferred to the Earnest C. Brooks

Correctional Facility. Plaintiff objects. Plaintiff argues he is still incarcerated and the relief he seeks has not yet been granted.

Plaintiff's objection is OVERRULED. A transfer from one facility to another moots a prisoner plaintiff's claims for declaratory and injunctive relief against the defendant officials at the first facility, even when the individual defendants are sued in their official capacities. *See Berryman v. Granholm*, 343 F.App'x 1, 4 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Accordingly, this portion of the R&R, on page 15, is ADOPTED as the opinion of the Court.

3. Eleventh Amendment Immunity.

A. The magistrate judge concludes Plaintiff's constitutional claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment. Plaintiff objects. Plaintiff argues there exists an exception when the relief sought is prospective and non-monetary, like an injunction.

Plaintiff's objection is OVERRULED. Plaintiff's prospective, non-monetary claims for relief are moot because of his transfer from the facility where Defendants worked.

B. The magistrate judge concludes Plaintiff's statutory claims under the RLUIPA for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment. Plaintiff objects. Plaintiff argues that there are genuine issues of material fact precluding summary judgment.

Plaintiff's objection is OVERRULED. The R&R correctly states the law on this claim. The Sixth Circuit Court of Appeal's holding in *Cardinal v. Metrish*, 564 F.3d 794, 799-801 (6th Cir. 2009) is binding on this Court.

Accordingly, this portion of the R&R, pages 16-17, is ADOPTED as the opinion of the

Court.

4. Claims Under the RLUIPA Against Defendants in their Individual Capacities

The magistrate judge concludes the RLUIPA does not provide for a cause of action for monetary damages against state employees in their individual capacities. Neither party objects to this conclusion. The R&R accurately summarizes the law on this point. Accordingly, this portion of the R&R, pages 17-19, is ADOPTED as the opinion of the Court.

5. Qualified Immunity

The magistrate judge concludes both Defendants are entitled to qualified immunity on Plaintiff's claims against them under the Free Exercise Clause and under the RLUIPA. Plaintiff objects. Plaintiff argues, unlike the defendant in *Spies v. Hoinovich*, 173 F.3d 398, 406-07 (6th Cir. 1999), he has demonstrated that the diet he requested was necessary to the practice of his faith.[1]

Plaintiff's objection is OVERRULED. On this claim, the R&R is both thorough and well-reasoned. In his interview, which occurred in June 2007, Plaintiff did not provide Defendant Thompson with a religious basis for his refusal to eat dairy or egg products. Defendant Thompson found Plaintiff's beliefs sincere, but limited. Defendant Burnett, based on the explanation in Defendant Thompson's recommendation, denied Plaintiff's meal request. At the time of the interview, Plaintiff had been identifying himself as a Buddhist for only three months. According to his affidavit, Plaintiff acknowledged he has "studied Buddhism for years. Since September of 2007, I have intensely studied the teachings of the Chuang Yen Monastery." (ECF No. 25 Pl. Aff.

---

[1] Plaintiff also objects on the basis that Defendants have not put forth competent evidence to establish that providing Plaintiff a strict vegetarian, or vegan, meal would be costly. The Court need not resolve this objection as Plaintiff cannot overcome other deficiencies in his claim.

4

¶ 8.) Although Plaintiff alleges Defendant Thompson's notes from the interview are incomplete, Plaintiff does not put forth any evidence establishing that he explained, during the interview, the religious basis for his dietary request, and specifically why his religious practice forbids the consumption of dairy and egg products.

Accordingly, this portion of the R&R, pages 19-33, is ADOPTED as the opinion of the Court.

**CONCLUSION**

Defendants are entitled to summary judgment on all of the claims against them. Plaintiff's claims for declaratory and injunctive relief are moot. Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment. The RLUIPA does not authorize Plaintiff's claims against Defendants in their individual capacities. Alternatively, Defendants are entitled to qualified immunity on all of Plaintiff's claims against them in their individual capacities.

GOOD FAITH BASIS FOR AN APPEAL

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie

5

the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

Having reviewed the record for this purpose, any appeal would not be made in good faith. Plaintiff's claims are patently meritless. Plaintiff's non-monetary claims became moot when he transferred facilities. Plaintiff's official capacity claims are barred, as a matter of law, by the Eleventh Amendment. Plaintiff's individual capacity claims are not authorized by the RLUIPA. Defendants are entitled to qualified immunity on any remaining claims. Plaintiff has put forth no evidence that he ever established a religious basis for his request to not eat dairy or egg products prior to the decision to deny his request.

# **ORDER**

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED**

1. The report and recommendation (ECF No. 28) is **ADOPTED**, over objections, as the opinion of the Court.

2. Defendants' motion for summary judgment (ECF No. 14) is **GRANTED IN PART and DENIED IN PART.** The portion of the motion requesting summary judgment for Plaintiff's failure to exhaust his administrative grievance is DENIED. The rest of the motion is GRANTED.

3. Plaintiff's claims against Defendants Thompson and Burnett are **DISMISSED WITH PREJUDICE.**

4. Any appeal of this decision would not be made in good faith.


Date:  March 18, 2011                                    /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        Chief United States District Judge